For the reasons assigned the judgment appealed from is affirmed.

141 So. 441

**ANDERSON v. THOMAS.**

No. 31645.

March 30, 1932.

Rehearing Denied April 25, 1932.

Charles J. Mundy, of New Orleans, for applicant.

E. M. Stafford and Daniel Wendling, both of New Orleans, for respondent.

ODOM, J.

A colored woman named Rachel Martin, who owned certain real property in the city of New Orleans, died intestate and without issue in 1924. Her property therefore descended to her nearest relatives by mere operation of the law. Shortly after her death Forman Anderson and John Anderson, alleging that they were legitimate brothers and sole heirs of deceased, applied to the court to be recognized as such, and asked that they be sent into possession of all her property, and there was judgment accordingly on April 14, 1924.

Forman Anderson died testate, leaving all his property to the defendant, Eleanor Anderson Thomas, who was his illegitimate child. Defendant subsequently acquired by purchase from John Anderson a one-half interest in the property which he inherited from his sister, Rachel Martin, so that this defendant became the record owner of the entire interest in the property.

The present suit is by Willie Anderson, who prays for judgment recognizing him to be

the owner of an undivided one-third interest in said property, his contention being that he is a child and sole heir of Louis Anderson, deceased, who was a brother of Rachel Martin (widow Garther, born Rachel Anderson) and that he inherited by representation a one-third interest in said property. He alleges that Forman Anderson and John Anderson were erroneously recognized as the sole heirs of Rachel Martin, and that said judgment, which was rendered in a proceeding to which he was not a party, should be set aside, and that he should now be recognized as the owner of a one-third interest in said property.

The trial judge rendered judgment for plaintiff. Defendant appealed to the Court of Appeal, which reversed the judgment of the district court and rejected plaintiff's demands. The case is now before us on a writ of review.

1. Our conclusion is that our learned brothers of the court of appeal have fallen into error. Plaintiff alleged and proved beyond question that he was a legitimate son and the sole heir of Louis Anderson, Jr., deceased. He further alleged that his grandfather, Louis Anderson, was lawfully married to his grandmother, Henrietta Anderson, on or about September 22, 1866. In answer to this allegation, defendant said:

"The averments of paragraph 2 as to marriage are admitted, *except the date thereof*, which is denied for lack of sufficient information to justify a belief. Defendant denies plaintiff is the grandson and the remainder of paragraph 2."

In paragraph 3 of his petition, plaintiff alleged that there were born of the marriage between his grandfather, Louis Anderson, Sr., and his grandmother, Henrietta Anderson, five children, to wit: Louis Anderson, Jr., Forman Anderson, John Anderson, Rachel Anderson, widow by first marriage of Edward Garther and widow by second marriage of Peter Martin, and a son named by Robert Anderson. In answer to this allegation, defendant said: "Defendant admits that Forman Anderson and John Anderson and Rachel Anderson, widow by first marriage of Edward Garther, and widow by second marriage of Peter Martin, *were born of said marriage*, but defendant denies the remainder of the averments of said paragraph 3." (Italics ours.)

It is pertinent to note that defendant admits the averment in paragraph 2 to the effect that Louis Anderson, Sr., and Henrietta Anderson were lawfully married. The date of the marriage is denied for lack of information. Defendant further denies that Louis Anderson, Jr., the father of plaintiff, was the grandson of Louis Anderson, Sr., and his wife, Henrietta.

It will be noted also that defendant admits, in paragraph 3, that Forman Anderson, John Anderson, and Rachel Anderson *"were born of said marriage;"* that is, the marriage between Louis Anderson, Sr., and Henrietta Anderson. But it is denied that Louis Anderson was born of that marriage.

As already stated, the property involved was owned originally by Rachel Anderson, widow of Martin, who died intestate and without issue. Her brothers Forman Anderson and John Anderson were recognized as her sole heirs and sent into possession of her property.

In the present suit it is admitted by the pleadings that these three, Rachel Anderson, widow of Martin, Forman Anderson, and John Anderson, were all born of the marriage between Louis Anderson, Sr., and Henrietta Anderson, both deceased, and were legitimate children.

But it is denied that Louis Anderson, Jr., father of plaintiff, was a child of that marriage. So that the sole questions raised by the pleadings were whether Louis Anderson, Jr., plaintiff's father, was also a son of that marriage, and whether plaintiff was the sole heir of his father, Louis Anderson, Jr., and these were the only points stressed by the attorneys and considered by the trial judge.

The trial judge required counsel to be specific as to what the issues were. During the progress of the trial, some objection was made to the introduction of certain testimony, and before ruling the judge said, "Well, what is the issue in the case?" Whereupon Mr. Wendling, who represented defendant, finally said: "Now, this party here, the plaintiff, claims that he is a son of Louis Anderson, who was a brother of Rachel Garther; in other words, instead of having two brothers, as our answer disclosed, that she had three brothers and that the brother Louis is his father. Now that is the only contest here— whether Louis was the father of this man and whether he was the child of the Anderson referred to in this petition—of Louis Anderson and Henrietta Anderson."

Mr. Munday represented plaintiff, and the judge then said to him, "Do you want to supplement that statement, Mr. Munday?" Mr. Munday said, "That is correct."

These being the issues presented, it devolved upon plaintiff to prove, first, that he was the legitimate son and sole heir of Louis Anderson, Jr., deceased, and, second, that his father, Louis Anderson, Jr., was a son of Louis Anderson, Sr., and Henrietta Anderson, and was an issue of their union, which was admitted to have been lawful.

2. Louis Anderson, Jr., was married to Ann Hadley on April 1, 1885, as shown by certified copy of a certificate made by a justice of the peace who performed the ceremony. Fannie Augustine, a sister of Ann Hadley and Wesley Hillis, who have known plaintiff all his life, testified that he was the sole issue of that marriage. Plaintiff testified that he had no brothers or sisters.

3. It was also proved beyond question that Louis Anderson was the son of Louis Anderson, Sr., and his wife, Henrietta. Both Fannie Augustine and Wesley Hillis, two aged colored people, testified that they personally knew Louis Anderson, Sr., and his wife, and knew all their children, and named them as Forman, Louis, Jack or John, Robert, and Rachel or Mrs. Garther. They further testified that Louis, the father of plaintiff, was the youngest of the five, or "the baby boy." There is no testimony to the contrary.

Now defendant judicially admits that Forman, John, and Rachel were issue of a legitimate union between Louis and Henrietta Anderson, and were therefore legitimate brothers and sisters. It is proved that Louis was a younger child of that same union, hence Louis was a legitimate brother of Forman, John, and Rachel, and his only heir, the plaintiff, inherited by representation a one-

third interest in the succession of his aunt Rachel.

4. Litigants are bound by their judicial allegations and admissions. As they so bind themselves, they must remain bound. This defendant traces her title to the property involved back to Rachel Anderson, Widow Martin, through Forman and John Anderson who are alleged to have been legitimate brothers of the deceased. On the trial of the case, it developed that all the children of Louis Anderson, Sr., and Henrietta, were born during slavery, and therefore before their civil marriage in 1866. In his brief counsel for defendant advanced the theory that plaintiff's father was not a legitimate brother of Rachel, because there was nothing to show that his father and mother legitimated him by their act of marriage in 1866, as provided by article 198 of the Civil Code, and nothing to show that his father and mother were married according to slave custom. This was the theory upon which the Court of Appeal reversed the judgment of the district court and rejected plaintiff's demands.

We cannot approve this ruling. We think the case should be decided solely upon the issues raised by the pleadings and stressed before the trial court by counsel.

But, aside from that, this defendant is estopped morally (if not legally) to deny that plaintiff inherited through his father from Rachel Anderson. She is in court asserting that Forman Anderson and John Anderson were legitimate brothers of Rachel, and for that reason inherited from her.

If they were in fact legitimate brothers of Rachel, it is because they were all born of a lawful union, or that they were legiti-mated by a subsequent marriage of their parents, and there is no suggestion that this was done. So that defendant, by claiming that John and Forman were legitimate brothers of Rachel, concedes that there was a lawful union between their parents, and it matters not whether that was a slave or a civil marriage. In either case, plaintiff's father, Louis, had the same right of inheritance from Rachel as did Forman and John, having been born of the same parents and of the same union. Most assuredly, the defendant cannot, under the circumstances, be heard to say with one breath that Forman, John, and Rachel were all legitimate children and with the next that Louis was not legitimate.

For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the district court is affirmed, defendant to pay all costs.